IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30055 |
| | ) | |
| LOUIS DUARTE-ANTOLINO, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Louis Duarte-Antolino's sentencing hearing held November 18, 2005.  Duarte-Antolino was present in person and with counsel, Douglas Beevers.  The Government was present by Assistant United States Attorney Esteban F. Sanchez.  On July 8, 2005, Duarte-Antolino entered an open plea of guilty to Count I of the Information (d/e 1) in which he was charged with re-entry of deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

The United States Probation Office prepared a Revised Presentence Report (PSR), dated October 7, 2005.  At the sentencing hearing, neither the Government nor Defendant objected to the PSR.  The Court, therefore,

1

adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Duarte-Antolino had a total offense level of 21 and was in criminal history category V, resulting in a sentencing range of 70 to 87 months in Zone D of the Guideline range. The Guideline range is only advisory, and the Court exercised its discretion to determine Defendant Duarte-Antolino's sentence. <u>United States v. Booker</u>, __ U.S. __, 125 S.Ct. 738 (2005).

Defendant Duarte-Antolino argued for a downward departure from the applicable guideline range based on two primary arguments. First, he argued that he was entitled to a downward departure due to the Government's delay in bringing his federal charge. He contended that, had the Government charged him with the re-entry offense while he was serving his state sentence, he could have been eligible for concurrent sentences upon the Court's discretion. Second, Duarte-Antolino argued that he was entitled to a sentence below the Guideline range because of the unwarranted disparities caused by the fast track system.

After considering the case file, including the PSR, the arguments of counsel, the statement of Defendant Duarte-Antolino, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. §

3553(a), the Court determined that a sentence below the Guideline range was appropriate in this case based on the Government's unexplained three year delay in bringing the federal charge against Defendant Duarte-Antolino. The Court, however, rejected the Defendant's argument that the Government's delay impinged on Defendant's due process rights. The Court stated that the re-entry offense is one in which the Court could have arguably sentenced Defendant to a term of imprisonment in this case to run concurrently with Defendant's Peoria County drug case. The Government's delay in this case precluded not only the Court from considering concurrent sentences, but also the Defendant from asking for such a sentence. As outlined of record, the Court found that there would be an approximate 30-month disparity (using the Guideline minimum), in terms of real time served in prison for the two offenses, based on the Government's decision to prosecute them in two different court systems and to delay prosecution so that the sentences would have to run consecutively. The Court concluded that a sentence below the Guideline range was warranted in this instance.

The Court rejected Defendant's argument for a sentence below the Guideline range based on the unwarranted disparities in sentencing created

3

by jurisdictions that have implemented a "fast track" system for similarly situated defendants. The Court, therefore, stated that a sentence of 78 months imprisonment would be appropriate in this case based on Defendant's wrongful and repeated criminal behavior. However, as stated of record, the Court reduced that term of imprisonment by two years because of the Government's delay in bringing the federal charge against Defendant. Accordingly, the Court sentenced Defendant Duarte-Antolino to 54 months imprisonment. Duarte-Antolino was not ordered to pay a fine, but was ordered to pay a $100.00 special assessment, due immediately. After his release from prison, Duarte-Antolino was ordered to serve a term of three years of supervised release. Duarte-Antolino was advised of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER: November 23, 2005.

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE